IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CMS DISTRIBUTION LTD, a foreign corporation<br><br>Plaintiff,<br><br>v.<br><br>CROWN CELL INC. a Florida corporation,<br><br>Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff CMS Distribution LTD ("CMS"), through its undersigned counsel, for its Complaint against Defendant Crown Cell Inc. ("Crown Cell") alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff CMS Distribution LTD ("CMS") is a United Kingdom corporation with its principal place of business at 15 Worship Street, London, United Kingdom, EC21 2DT.

2. Upon information and belief, Defendant Crown Cell Inc. ("Crown Cell") is a Florida corporation with its principal place of business at 2388 NW 150th Street, Opa Locka, Florida, 33054.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, CMS is a citizen of a foreign state, and Crown Cell is a citizen of Florida.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred within the State of Florida.

**GENERAL ALLEGATIONS**

5. CMS is a distributor of business and consumer technologies, including "Vector"—a robotics product developed by the artificial intelligence startup company Anki ("Anki Vector Products"), and GoPro HERO7 cameras ("GoPro Cameras").

6. On or about July 26, 2019, Crown Cell agreed to purchase, and CMS agreed to sell, approximately 84,753 units of Anki Vector Products from CMS for $3,898,638.00 (the "Purchase Order," attached as Exhibit 1).

7. Pursuant to the Purchase Order, CMS also offered to grant Crown Cell the exclusive right to sell Anki Vector Products within the United States and Canada.

8. On or about August 8, 2019, Crown Cell sent correspondence to CMS (attached as Exhibit 2), proposing that the exclusive right to sell Anki Vector Products within the United States and Canada would be conditional upon Crown Cell:

   a. paying CMS for all shipments of units in full and in advance;

   b. purchasing 10,000 units at $53.00 per unit, on or before August 15, 2019;

   c. purchasing 10,000 units at $53.00 per unit, on or before September 15, 2019;

   d. purchasing 10,000 units at $53.00 per unit, on or before October 15, 2019;

   e. purchasing 10,000 units at $53.00 per unit, on or before November 15, 2019;

   f. purchasing 10,000 units at $53.00 per unit, on or before December 15, 2019;

   g. purchasing 24,000 units at $53.00 per unit, on or before January 30, 2020; and

   h. paying CMS twenty-five percent (25%) of the net profits realized from Crown Cell's sales of the units purchased under the Agreement.

9. On or about August 14, 2019, CMS sent correspondence to Crown Cell (attached as Exhibit 3), agreeing to Crown Cell's proposal, provided that Crown Cell:

    a. purchased 10,000 units in August 2019;

    b. purchased 10,000 units in September 2019;

    c. purchased 15,000 units in October 2019;

    d. purchased 20,000 units in November 2019;

    e. purchased 15,000 units in December 2019; and

    f. purchased 15,000 units in January 2020.

10. The Purchase Order, together with the terms discussed in the August 8, 2019 Correspondence and August 14, 2019 Correspondence, constitutes an enforceable agreement between CMS and Crown Cell (the "Anki Agreement").

11. In September 2019, Crown Cell ordered approximately 10,000 units of Anki Vector Products from CMS.

12. However, Crown Cell did not pay for these units in full and in advance of the September 16, 2019 shipment date, as agreed to by the parties.

13. Due to Crown Cell's non-payment, CMS did not ship these units to Crown Cell until October 11, 2019 and November 19, 2019.

14. By the end of November 2019, Crown Cell had paid CMS for only 20,000 units.

15. Crown Cell's failure to purchase the required number of units of Anki Vector Products is a breach of the Anki Agreement.

16. Crown Cell also did not pay CMS any portion of Crown Cell's net profits realized from its sales of the Anki Vector Products, as required under the Anki Agreement.

17. Upon information and belief, Crown Cell owes approximately $160,000 to CMS for CMS's share of the net profits under the Anki Agreement.

18. Crown Cell's failure to pay CMS any portion of Crown Cell's net profits realized from its sales of the Anki Vector Products is a breach of the Anki Agreement.

19. On or about March 2, 2020, Crown Cell agreed to purchase, and CMS agreed to sell, approximately 294 GoPro Cameras from CMS for $63,210.00 ("GoPro Agreement," attached as Exhibit 4).

20. On or about May 2, 2020, CMS issued Invoice No. 32651003 in the amount of $63,210.00 to Crown Cell for its purchase of GoPro Cameras (Exhibit 4).

21. CMS received a partial payment from Crown Cell for Invoice No. 32651003 for $23,992.15.

22. Crown Cell owes CMS an outstanding balance of $39,217.85 under Invoice No. 32651003.

23. Crown Cell's refusal to pay its outstanding balance under the invoice is a breach of the Go Pro Agreement.

24. CMS performed all conditions precedent as required under the Anki Agreement and GoPro Agreement, and has fully complied with all of its obligations in the Anki Agreement and GoPro Agreement that were to have been performed as of the date hereof.

## COUNT I

### (Breach of Contract – Anki Agreement)

25. All allegations contained above are incorporated as though fully set forth herein.

26. A valid and enforceable Agreement existed between Crown Cell and CMS.

27. CMS performed and stands ready to perform under the Anki Agreement in all material respects.

28. Crown Cell materially breached the Anki Agreement by failing to timely pay for the required number of Anki Vector Products, without excuse or justification.

- 5 -

29. Crown Cell materially breached the Anki Agreement by failing to pay CMS any portion of Crown Cell's net profits realized from its sales of Anki Vector Products, without excuse or justification.

30. As a direct and proximate result of Crown Cell's breach, CMS has suffered damages in an amount to be proved specifically at trial.

## COUNT II

### (Breach of Contract – GoPro Agreement)

31. All allegations contained above are incorporated as though fully set forth herein.

32. A valid and enforceable Agreement existed between Crown Cell and CMS.

33. CMS performed and stands ready to perform under the GoPro Agreement in all material respects.

34. Crown Cell materially breached the GoPro Agreement by failing to remit full payment to CMS under Invoice No. 32651003, without excuse or justification.

35. As a direct and proximate result of Crown Cell's breach, CMS has suffered damages in and amount to be proved specifically at trial.

## PRAYER FOR RELIEF

WHEREFORE, CMS prays for judgment as follows:

A. For damages in excess of $250,000, to be proven at trial.

B. For pre-judgment and post-judgment interest at the maximum rate allowed by law.

C. For reasonable attorneys' fees to the extent permitted under applicable law.

D. For such other legal and/or equitable relief the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(c) of the Federal Rules of Civil Procedure.

DATED this 24th day of November 2020.

    /s/ *Ketan M. Ganase*
Ketan M. Ganase
Florida Bar No. 1002331
SQUIRE PATTON BOGGS (US) LLP
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
Email: ketan.ganase@squirepb.com

Sarah K. Rathke (*of counsel*)
SQUIRE PATTON BOGGS (US) LLP
127 Public Square, 4900 Key Tower
Cleveland, OH 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
Email: sarah.rathke@squirepb.com

*Attorneys for Plaintiff CMS Distribution LTD*